IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

ABILIA LOPEZ TORRES,
        Plaintiff,

vs.

CARNIVAL CORPORATION, a Panamanian
Corporation, doing business as CARNIVAL
CRUISE LINES,

        Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, ABILIA LOPEZ TORRES (hereinafter referred to as "Plaintiff"), and hereby sues Defendant, CARNIVAL CORPORATION, a Panama Corporation, doing business as CARNIVAL CRUISE LINES, for damages and states as follows:

1.    That this is a claim for damages in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest, costs and attorney's fees.

2.    That at all times material hereto, the Plaintiff was a resident of the Commonwealth of Puerto Rico.

3.    That at all times material hereto, the Defendant, CARNIVAL CORPORATION, was a Panamanian Corporation doing business as CARNIVAL CRUISE LINES (hereinafter referred to as "CARNIVAL"), was and is a foreign corporation (Panamanian Corporation) authorized to do business and doing business in Miami-Dade County, Florida. Furthermore, CARNIVAL, was the owner and operator of a cruise ship vessel known as the "*Carnival Fascination*".

CARNIVAL, to be physically present aboard such vessel.

8. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit requirement contained in the terms and conditions of the Defendant, CARNIVAL's ticket of passage/cruise ticket. (See copy of a portion of the ticket in Plaintiff's possession attached hereto as Exhibit No.1; and Defendant, CARNIVAL's acknowledgment communication to Plaintiff's counsel dated May 29, 2019 attached hereto as Exhibit No. 2, without additional attachments.)

9. That on or about November 8, 2018, in the morning, the Plaintiff was walking from her stateroom to breakfast onboard the *Carnival Fascination*, when she tripped and fell over a defective threshold, fracturing her left humerus, left wrist, left rib and left knee.

10. That at all times material hereto, the Defendant, CARNIVAL, owed a duty to the Plaintiff to exercise reasonable care under the circumstances for her safety and the safety of all vessel passengers.

11. That the Defendant, CARNIVAL, breached its duty of care to the Plaintiff and was negligent in one or more of the following ways:

    A. By failing to keep what is believed to be the Lido Deck on the *Carnival Fascination* in a reasonably safe condition so as to prevent thresholds from causing a dangerous condition and an unreasonable hazard to Plaintiff, and other passengers who were using the deck;

    B. By failing to maintain what is believed to be the Lido Deck and the threshold thereupon in a reasonably safe condition, thereby creating an unreasonable hazard to passengers using the Lido Deck, including Plaintiff;

    C. By negligently allowing passengers, including Plaintiff, access to and use of an

unreasonably dangerous and/or unsafe deck area believed to be the Lido Deck;

D. By failing to warn passengers of the dangers involved in attempting to use the walkways and threshold areas of what is believe to the Lido Deck on the *Carnival Fascination*, despite Defendant, CARNIVAL's superior and greater knowledge than that of Plaintiff;

E. By failing to provide proper illumination and/or lighting in or on what is believed to be the Lido Deck on the *Carnival Fascination*, which would, and did preclude reasonable visibility of the area in which passengers, including Plaintiff, were walking;

F. By negligently failing to instruct its own employees on how to properly warn, barricade or place signage in, on or at the Lido Deck on the *Carnival Fascination*, advising passengers of unreasonably dangerous or unsafe conditions involving thresholds being damagesdand not properly secured or maintained;

G. By failing to inform and warn Plaintiff of these dangerous and unsafe conditions, which the Defendant, CARNIVAL knew, or should have known under the existence of reasonable care under the circumstances;

H. By failing to establish and implement safeguard regarding adequate and safe areas where passengers would walk, including that area of the Lido Deck where Plaintiff, CARNIVAL's own internal policies, procedures and protocols established and implemented by the ISM Code, SMS, SQM and other internal operating procedures required by the IMS Code, SOLAS, all applicable health, building and safety codes and national standards in accordance with 33 C.F.R.

        LAW OFFICES OF JAMES S. USICH, P.A.
        Attorneys for Plaintiff
        Premier Plaza, Suite 100
        7875 S.W. 104th Street
        Miami, Florida 33156
        Tel. (305) 251-0997
        Fax: (305) 251-6311
        Email: jim@usichlawmiami.com
               clee@usichlawmiami.com

By: /s/ James S. Usich
    JAMES S. USICH
    Florida Bar No.: 132792

# EXHIBIT 1

# BOARDING PASS

**San Juan Cruise Port**
**CARNIVAL FASCINATION**
**November 4, 2018**

CCL-3BVW67-00001

## ARRIVAL APPOINTMENT
## 3:00PM - 3:30PM

## FINAL BOARDING
## 8:00PM

✓ Online Check-in
🚌 Not Purchased
🕒 Cash Account

**Name:** Abilia Lopez

| Stateroom | Muster Station |
|---|---|
| M299 (DECK M) | A |

### IMPORTANT INFORMATION
- Please arrive promptly to your Arrival Appointment to minimize your wait time in line.
- All guests must be on board for Final Boarding time or they will not be permitted to sail.

### IDENTIFICATION REQUIREMENTS
- You must present your boarding pass and a government-issued picture ID (applicable to all guests 16 years and older) to enter the terminal.
- Additionally, citizenship documents (including any necessary visas) will be needed at embarkation.

**"Airport Transportation"**

**Flying in for your cruise? Check out our Transfer Services.**
For pricing details and information about this program contact your travel professional.



# CARNIVAL HUB APP
Chat. What's Happening. Maps. More.

 

*No Internet purchase required to use on board.*

**EXHIBIT 1**

1

# EXHIBIT 2

# Carnival

May 29th, 2019

James S. Usich, Esq.
**Law Offices of James S. Usich, P.A.**
Premier Plaza, Suite 100
7875 S.W. 104th Street
Miami, Florida 33156

| | |
|---|---|
| **RE:** | **Abilia Lopez Torres** |
| **Vessel:** | **Carnival Fascination** |
| **Master Ref.:** | **PFS711042018/MDR** |
| **Our File:** | **16702895** |
| **Your File:** | **Unknown (please provide)** |

Dear Mr. Usich:

We are in receipt of your letter of representation with regard to the above captioned matter. In reference to this claim, kindly direct all future correspondence and/or communications to the attention of the undersigned.

We have an ongoing investigation into your client's alleged incident. In the interim, we ask that you please provide us with a copy of any and all diagnostic medical records, expense numbers, statements, bills, and receipts relating to the post-voyage follow up care and treatment of your client as a direct result of this alleged incident, along with your theory of liability. If applicable, please also immediately identify any witnesses and/or ship's equipment you claim were involved in your client's incident, so Carnival has the opportunity to attempt to preserve said evidence. Upon receipt of the above, we will then be in a better position to evaluate this matter.

As requested, we enclose copies of any and all shipboard Medical Center records in Carnival's possession, and pertaining to your client. A copy of your client's written "Passenger Injury Statement", as given to ship officials, is also included. From your letter enclosures, your office may have copies of most of these Carnival records already.



Carnival Place · 3655 NW 87 Avenue · Miami, FL · 33178-2428 · t 305.599.2600 · carnival.com

**EXHIBIT 2**

# Carnival

James S. Usich, Esq.
May 29th, 2019
Page 2

Please note that a complete copy of the **guest cruise ticket contract** can be found on-line at our website www.carnival.com.

This and any and all correspondence and/or communications should not be construed as an admission of liability on the part of Carnival Cruise Line, Carnival Corporation, the vessel "Carnival Fascination", or any of its officers and/or crew. All rights in equity, law, and those contained within the **guest cruise ticket contract** are expressly reserved, including the forum selection / venue provision requiring all passenger lawsuits against Carnival to be filed in the United States District Court for the Southern District of Florida in Miami, Florida. Carnival will not waive its contractual defense if a lawsuit is filed in the wrong court.

Very Truly Yours,

Mario D. Romero
Senior Claims Representative
Legal Services Department
MSLD 825N

